**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **KRYSTAL NABORS**        * | | **CIVIL ACTION No.: 11-01869** |
|       **Plaintiff**        * | | |
|                           * | | |
| **VERSUS**                * | | |
|                           * | | **Judge Rebecca F. Doherty** |
|                           * | | |
| **HCA d/b/a HOUSTON SHARED**     * | | **Magistrate Judge C. Michael Hill** |
| **SERVICES, SHELLY LEE,**        * | | |
| **KATHLEEN  O'SULLIVAN, JAMES**  * | | |
| **MILLER, and HARRIET PALOMBO**  * | | |
|       **Defendants.**        * | | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS AND COMPEL ARBITRATION**

<br>

Leslie Ehret (La. Bar # 18494)
Peter E. Sperling (La. Bar. # 17812)
Suzanne M. Risey (La. Bar # 25488)
FRILOT L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, LA  70163
Telephone:     (504) 599-8000
Facsimile:     (504) 599-8100
lehret@frilot.com
psperling@frilot.com
srisey@frilot.com

Counsel for Defendants,
HSS Systems, LLC., Shelly Lee, Kathleen
O'Sullivan, James Miller and Harriet Palombo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **KRYSTAL NABORS** <br>     **Plaintiff** | \* <br> \* <br> \* | **CIVIL ACTION No.: 11-01869** |
| **VERSUS** | \* <br> \* <br> \* | **Judge Rebecca F. Doherty** |
| **HCA d/b/a HOUSTON SHARED SERVICES, SHELLY LEE, KATHLEEN O'SULLIVAN, JAMES MILLER, and HARRIET PALOMBO** <br>     **Defendants.** | \* <br> \* <br> \* <br> \* <br> \* | **Magistrate Judge C. Michael Hill** |

## **TABLE OF CONTENTS**

I. Introduction ................................................................................................................. 1

II. Background ................................................................................................................. 2

III. The Mandatory Binding Arbitration Policy ................................................................ 3

IV. Law and Argument ..................................................................................................... 4

    A. Plaintiff should be compelled to continue arbitration of her claims ................ 5

    B. The Federal Arbitration Act applies ................................................................ 6

    C. Arbitration Should be Compelled .................................................................... 6

        i. A valid arbitration agreement exists between HSS and Plaintiff ......... 7

        ii. All of Plaintiff's claims fall within the scope of the arbitration policy ..................................................................................................... 10

        iii. No federal statute or policy renders Plaintiff's claims non-arbitrable ................................................................................................ 11

        iv. Dismissal of Plaintiff's case is appropriate under the FAA ................. 12

        v. Dismissal of Plaintiff's case is appropriate under Rule 12(b)(1) .......... 13

V. Conclusion ................................................................................................................ 14

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **KRYSTAL NABORS**     *      **CIVIL ACTION No.: 11-01869** | | |
|        **Plaintiff**     * | | |
|     * | | |
| **VERSUS**     * | | |
|     *     **Judge Rebecca F. Doherty** | | |
|     * | | |
| **HCA d/b/a HOUSTON SHARED**     *     **Magistrate Judge C. Michael Hill** | | |
| **SERVICES, SHELLY LEE,**     * | | |
| **KATHLEEN O'SULLIVAN, JAMES**     * | | |
| **MILLER, and HARRIET PALOMBO**     * | | |
|        **Defendants.**     * | | |

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161 (5th Cir. 1999) ................................... 11, 12

*Apache Bohai Corp. LDC, v. Texaco China, B.V.*, 330 F.3d 307 (5th Cir. 2003) ........................ 12

*Baker v. Union Tank Car Co.,* 140 So.3d 397 (La.App. 1 Cir. 1962) ........................................... 9

*Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955 (2007) ..................................................................... 13

*Benton v. United States,* 960 F.2d 19 (5th Cir. 1992) .................................................................. 13

*Carter v. Countrywide Credit Industries, Inc.,* 362 F.3d 294 (5th Cir. 2004) .............................. 12

*Central Surety & Ins. Corp. v Canulette Shipbuilding Co.,* 195 So. 114 (La. App. 1 Cir. 1940) ............................................................................................................................ 10

*Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213 (1985) ......................................................... 4, 5

*FedMet Corp. v M/V Buyalk,* 194 F.3d 674 (5th Cir. 1999) .................................................... 7, 12

*First Options of Chicago, Inc. v Kaplan,* 514 U.S. 938 (1995) ..................................................... 7

*Fleetwood Enters. Inc. v. Gaskamp*, 280 F.3d 1069 (5th Cir. 2002) .............................................. 7

*Galiano v. Galiano,* 34 So.2d 881 (La. 1948) ............................................................................... 9

*Green v. Service Corp. Intern.,* 08-20607, 2009 WL 1560035 *2 (5th Cir. June 2, 2009) ...................................................................................................................................... 6

*Grigson v. Creative Artists Agency,* 210 F.3d 524 (5th Cir. 2000) .................................................7

*Home Builders Ass'n of Miss. Inc. v. City of Madison,* 143 F.3d 1006 (5th Cir. 1998) ................13

*Hussain v. Garson,* 783 F.Supp.2d 846 (W.D. La. 2011) ...............................................................5

*In re Succession of Taravella,* 98-834 (La.App. 5 Cir. 4/27/99), 734 So.2d 149..........................9

*Krim v. pcOrder.com, Inc.,* 402 F.3d 489 (5th Cir. 2005) .............................................................13

*Lee v. Coca-Cola Enterprises, Inc.,* 07-1425, 2008 WL 920742 *4 (W.D.La. March 4, 2008) ......................................................................................................................................8

*Marino v. Dillard's,* 413 F.3d 530 (5th Cir. 2005)...........................................................................8

*Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507 (5th Cir. 1980) ...............................................13

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614 (1985).........................7

*Morrison v. Anway Corp.,* 517 F.3d 248 (5th Cir. 2008)................................................................7

*Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1 (1983) ..............................6, 7

*Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.,* 139 F.3d 1061 (5th Cir. 1998) .....................................................................................................................................6, 7

*Ramming v. United States,* 281 F.3d 158 (5th Cir. 2001) .............................................................13

*Randall D. Wolcott, M.D., P.A. v. Sebelius,* 635 F.3d 757 (5th Cir. 2011)) ................................13

*Rent-A-Center, Inc., v. Barker,* 05-02191 (W.D. La. 2006).........................................................12

*Rojas v. TK Communications, Inc.,* 87 F.3d 745 (5th Cir. 1996) .................................................11

*Sedco, Inc. v. Petroleuos Mexicano Mexican Nat'l Oil Co.,* 767 F.2d 1140 ................................4

*Shearson / American Express Inc. v. McMahon,* 482 U.S. 220 (1987) ...................................5, 11

*Sherer v. Green Tree Servicing, LLC,* 548 F.3d 379 (5th Cir. 2008) ................................... 6, 7, 11

*Specialty Healthcare Mgmt., Inc. v. St. Mary Parish Hosp.*, 220 F.3d 650 (5th Cir. 2000) ........................................................................................................................................6

*Statlander v. Ryan's Family Steakhouses, Inc.,* 384,34 (La.App. 2 Cir. 4/4/01), 794 So.2d 881.................................................................................................................................6

*Walton v. Rose Mobile Homes LLC,* 298 F.3d 470 (5th Cir. 2002) .............................................11

*Washington Mut. Fin. Co. v. Bailey,* 364 F.3d 260 (5th Cir. 2004). ..........................................7, 8

*Williamson v. Tucker,* 645 F.2d 404 (5th Cir. 1981) ................................................................. 13

**FEDERAL RULE & STATUTES**

Fed. R. Civ. P. 12(b)(1) ............................................................................................................. 13

9 U.S.C. § 1-16 ............................................................................................................................ 6

9 U.S.C. § 2 ............................................................................................................................. 5, 6

9 U.S.C. § 3 ............................................................................................................................... 12

9 U.S.C. § 4 ................................................................................................................................. 1

9 U.S.C. § 9-12 ......................................................................................................................... 12

42 U.S.C. § 1981 ................................................................................................................ 1, 2, 11

42 U.S.C. § 2000 et seq. ....................................................................................................... 1, 11

**STATE CODE & STATUTES**

La. Civ. Code art. 1927 ............................................................................................................... 9

La. Rev. Stat. Ann. § 23:323 ....................................................................................................... 1

La. Rev. Stat. Ann. § 23:967 ....................................................................................................... 1

La. Rev. Stat. Ann. § 42:1169 ..................................................................................................... 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **KRYSTAL NABORS** | * | CIVIL ACTION No.: 11-01869 |
| **Plaintiff** | * | |
| | * | |
| **VERSUS** | * | |
| | * | Judge Rebecca F. Doherty |
| | * | |
| **HCA d/b/a HOUSTON SHARED** | * | Magistrate Judge C. Michael Hill |
| **SERVICES, SHELLY LEE,** | * | |
| **KATHLEEN O'SULLIVAN, JAMES** | * | |
| **MILLER, and HARRIET PALOMBO** | * | |
| **Defendants.** | * | |

**I.     INTRODUCTION**

Defendants, HSS Systems, LLC (incorrectly identified as "HCA d/b/a Houston Shared Services"),[1] Shelly Lee, Kathleen O'Sullivan, James Miller and Harriet Palombo (collectively, "Defendants"), move this Honorable Court pursuant to Federal Rule of Civil Procedure 12(b)(1) and 9 U.S.C. § 4 of the Federal Arbitration Act ("FAA" or the "Act") to dismiss all of the claims made by Plaintiff, Krystal Nabors ("Plaintiff' or Nabors").

Plaintiff alleges she was harassed and retaliated against on the basis of her race and wrongfully terminated in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq., 42 U.S.C. § 1981, La.Rev.Stat. § 23:323, La.Rev.Stat. § 23:967 and La.Rev.Stat. § 42:1169. (Rec. Doc. 1.)  She also sets forth a claim for defamation under Louisiana law against the individually named defendants. (Id.)  Plaintiff alleges Defendants are liable for attorneys' fees, litigation expenses, back pay, front pay, reinstatement and

---

[1] Plaintiff's Petition incorrectly identifies as her employer "HCA d/b/a Houston Shared Services." Plaintiff was not employed by HCA Inc. ("HCA") in any capacity; she was employed by HSS Systems, L.L.C.  HCA hereby reserves the right to seek dismissal of any claims or causes of action incorrectly made against it and invokes any and all available remedies to effectuate such dismissal in connection with Plaintiff's incorrect naming of HCA as a defendant in this litigation.

1

compensatory damages under Louisiana and Federal law. (Id.) She seeks reinstatement under Louisiana law, Title VII and 42 U.S.C. § 1981. (Id.)

Defendants deny Plaintiff's allegations in their entirety. In addition, Defendants respectfully submit this Court is not the proper forum for the litigation of Plaintiff's claims. As further detailed below, Plaintiff unequivocally agreed to, and <u>specifically requested</u>, arbitration of her claims in accordance with a Mandatory Binding Arbitration Policy. In fact, pursuant to Plaintiff's request, arbitration of her claims is well under way and the continuation of the arbitration hearing is scheduled for December 14, 2011, through December 16, 2011, at which time arbitration may be concluded, subject to any post-hearing briefing. Accordingly, Plaintiff's case should be dismissed pursuant to Section 4 of the FAA and this matter referred to the pending arbitration for final disposition.

## II.  BACKGROUND

Plaintiff was employed with HSS from August 22, 1996, through June 23, 2010. During April 2006, HSS Systems, LLC instituted a Mandatory Binding Arbitration Policy ("Policy"). (See Exhibit A- Affidavit of Kathleen O'Sullivan, *see also* Exhibit A1 – Mandatory Binding Arbitration Policy.) As HSS Systems, LLC ("HSS") is an affiliated subsidiary of HCA, Inc., the Policy applies to all HSS employees. (Id.)

On June 28, 2010, Plaintiff was terminated from employment with HSS. Shortly thereafter, Plaintiff availed herself of HSS' Employment Dispute Resolution Process and requested peer review of her termination. The peer review panel convened on or about September 9, 2010, to review her termination. On September 10, 2010, Plaintiff was advised by way of letter from Kathleen O'Sullivan ("O'Sullivan") that the panel upheld the decision to terminate her employment. (Exhibit A-4.) O'Sullivan further advised Plaintiff if she disagreed

2

with the panel's decision, she could appeal to HSS's CEO, Rick King, and further pursue the matter with an independent arbitrator. (Id.) On September 21, 2010, Rick Smith wrote to Plaintiff denying her request for reinstatement. (Exhibit A-5) He advised Plaintiff she could further pursue the issue through the Mandatory Arbitration Policy. (Id.) On October 22, 2010, Plaintiff requested arbitration of her claims. (Exhibit A-6.) Thereafter, arbitration of her claims commenced on August 24, 2011.[2] On that date, two witnesses, Defendants, Shelly Lee and James Miller, provided testimony. The proceedings were scheduled to continue on August 25, 2011; however, shortly <u>after</u> the hearing was scheduled to continue, Plaintiff's counsel advised for the first time she had a scheduling conflict and would not be able to attend the hearing that morning. As a result, the arbitrator adjourned the proceedings. Thereafter, on September 29, 2011, the arbitrator issued a final scheduling order setting days December 14, 2011 through December 16, 2011, to continue the arbitration hearing. (Exhibit C – Arbitrator Order, September 29, 2011.) Plaintiff filed the instant lawsuit on September 21, 2011, setting forth the same claims at issue in her arbitration. (Rec. Doc. 1.) She also included a new claim for defamation against the individual defendants. (Id.)

## III. <u>THE MANDATORY BINDING ARBITRATION POLICY</u>

HSS's Mandatory Binding Arbitration Policy was instituted during April 2006. Relevant to the instant motion, the Policy provides in pertinent part:

> **POLICY**: Under the Mandatory Binding Arbitration Policy, both the employee and the Texas affiliated Employer agree to give up any right either of them might

---

[2] During the course of arbitration, Plaintiff sought to amend her complaint to add claims of race discrimination and retaliation under Title VII and Louisiana law. On August 2, 2011, the arbitrator denied, in part, Plaintiff's motion to amend holding her Title VII claims were barred by her failure to file an EEOC Charge and exhaust administrative remedies. The arbitrator also held Nabors' claim for retaliation under Louisiana law was not cognizable. Finally, he limited her state law discrimination claim to a specific one year period. (Exhibit B – Arbitrator Order, August 2, 2011). After Plaintiff unsuccessfully attempted to revive dismissed claims on the morning of the arbitration hearing, she filed a motion seeking disqualification of the arbitrator and filed the instant lawsuit.

3

have to a jury or judge trial regarding any issue governed by the Mandatory Binding Arbitration Policy. All disputes governed by the Mandatory Binding Arbitration Policy shall be submitted to final and binding arbitration to be conducted by an experienced arbitrator from the American Arbitration Association ("AAA") chosen by the employee and the company. The employee and the Employer have equal say in selecting an arbitrator and the arbitration will be held in the same city where the Employer is located. The employee and the Employer will be bound by the decision made by the third party neutral arbitrator except as allowed by law to appeal to a court.

In addition, the Policy specifically defines those claims subject to arbitration. It provides:

> **PROCEDURE**:… Subject to the general requirement the claim must give rise to a legal cause of action that could be heard in court, the following claims **must** be submitted to arbitration:
>
> - claims relating to involuntary terminations such as layoffs and discharges, demotions negatively affecting pay, and suspensions without pay
> - employment discrimination and harassment claims, based on …race…
> - retaliation claims as recognized by applicable state or federal law…
> - tort claims, such as negligence, defamation, invasion of privacy, infliction of emotional distress, etc.
> - claims of termination in violation of public policy

(Exhibit A-1.)

After the Policy was instituted during April 2006 and disseminated in the Spring of 2010, Plaintiff remained employed with HSS. (Exhibit A.) On October 22, 2010, following her termination from employment, Plaintiff invoked arbitration of her claims. (Exhibit A-6.)

## IV. LAW AND ARGUMENT

The FAA governs the arbitrability of claims brought in federal court and requires district courts to "compel arbitration of otherwise arbitrable claims, when a motion to compel arbitration is made." *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140, 1147 (5th Cir. 1985), quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Agreements

4

to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. ("A written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, .... or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract [or] transaction shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."). There is a strong national policy in favor of arbitration and the Supreme Court has required courts to "rigorously enforce agreements to arbitrate." *Hussain v. Garson*, 783 F.Supp.2d 846 (W.D.La. 2011), citing, *Shearson/American Express Inc. v. McMahon*, 482 U.S. 220, 226 (1987). To be sure, under the FAA, district courts are required to "direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. at 213.

        A.        **<u>Plaintiff Should be Compelled to Continue Arbitration of her Claims</u>**

This Court is not the proper forum to litigate the claims brought by Plaintiff. Plaintiff's allegations of harassment, retaliation and wrongful termination, as well as her claim of defamation against the individual defendants, all fall within the scope of HSS's Mandatory Binding Arbitration Policy. (Exhibit A-1.) Further, when Plaintiff invoked arbitration of her claims on October 22, 2010, concerning her termination and these very claims, she became bound by her actions and the terms of HSS's Mandatory Binding Arbitration Policy. Thus, Plaintiff's claims should be dismissed and she should be compelled to conclude the arbitration she invoked.

### B. The Federal Arbitration Act Applies

The Federal Arbitration Act applies to "any arbitration agreement within the coverage of the Act" which includes written agreements to arbitrate if the contract "evidenc[es] a transaction involving commerce." *Specialty Healthcare Mgmt., Inc. v. St. Mary Parish Hosp.*, 220 F.3d 650, 654-56 (5th Cir. 2000) (quoting, *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23 (1983) and 9 U.S.C. § 2). The FAA applies in this case as HSS's Mandatory Binding Arbitration Policy explicitly provides: "[t]his Agreement shall be governed exclusively by and interpreted exclusively under the Federal Arbitration Act, 9 U.S.C. §§1-16 giving effect to that Act's liberal policy toward enforcement of arbitration agreements." (Exhibit A-1.) In addition, HSS operates in interstate commerce as it provides employees to various facilities outside the state of Texas, including the facility where Plaintiff worked, Regional Medical Center of Acadiana, formerly known as Southwest Medical Center, located at 2810 Ambassador Caffery Parkway, Lafayette, LA 70506. (Exhibit A.); *See Stadtlander v. Ryan's Family Steakhouses, Inc.,* No. 384, 34 (La. App. 2 Cir. 4/4/01), 794 So.2d 881, 891 (where employer is a multi-state corporation incorporated in another state and site of employment is located near an interstate highway, the FAA applies).

### C. Arbitration Should be Compelled

In deciding whether a party can be compelled to arbitrate a dispute, a court is guided by a two-step analysis. *Sherer v. Green Tree Servicing, LLC*, 548 F.3d 379, 381 (5th Cir. 2008). First, as a threshold matter, the Court must determine "if the party has agreed to arbitrate the dispute." *Green v. Service Corp. Intern.*, No. 08-20607, 2009 WL 1560035 *2 (5th Cir. June 2, 2009) (unpub.),[3] quoting *Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061,

---

[3] Copy of Opinion is attached as Exhibit D.

1064 (5th Cir. 1998) ("[a]rbitration is a matter of contract between the parties, and a court cannot compel a party to arbitrate unless the court determines the parties agreed to arbitrate the dispute in question.") When making this determination, courts are guided by the strong federal policies favoring arbitration and dictating that arbitration agreements should be rigorously enforced. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 625-26 (1985) (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.* 460 U.S. at 24); *FedMet Corp. v. M/V Buyalyk,* 194 F.3d 674, 676 (5th Cir. 1999). If the parties have agreed to arbitrate the dispute in question a court must then ask whether there exists "any federal statute or policy renders the claims nonarbitrable." *Sherer v. Green Tree Servicing LLC,* 548 F.3d at 381.

Whether the parties agreed to arbitrate the dispute is also two-step inquiry: (1) is there a valid agreement to arbitrate the claims, and (2) does the dispute in question fall within the scope of the arbitration agreement. *Id.* A determination of whether there is a valid agreement to arbitrate is based on ordinary contract principles. *Fleetwood Enters. Inc. v. Gaskamp*, 280 F.3d 1069, 1073-74 (5th Cir. 2002).[4]

### i. A Valid Arbitration Agreement Exists Between HSS and Plaintiff

Federal courts look to the state law of contract formation to determine whether a valid arbitration agreement exists. *See First Options of Chicago Inc. v. Kaplan,* 514 U.S. 938 (1995); *Morrison v. Anway Corp.*, 517 F.3d 248, 254 (5th Cir. 2008); *Washington Mut. Fin. Co. v. Bailey,*

---

[4] This Motion to Dismiss and Compel Arbitration is brought on behalf of all defendants. Although the individually named defendants may not be considered signatories to HSS's arbitration policy, they are entitled to bring an action to enforce its terms. *Grigson v. Creative Artists Agency*, 210 F.3d 524 (5th Cir. 2000) (non-signatories to an arbitration agreement may nevertheless be bound by it under the doctrine of equitable estoppel in order to fulfill the federal pro-arbitration policy of the Act.) In *Grigson*, the Fifth Circuit set forth two circumstances when equitable estoppel will mandate application of an arbitration clause to non-signatories to it. First, when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the non-signatory, and, second, when the signatory to the contract raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more of the signatories to the contract. *Grigson*, 210 F.3d at 527-528. Both circumstances are present in this case, as Plaintiff's allegations against the named defendants are similar to and/or intertwined with those asserted against HSS. Thus, this motion to compel arbitration is properly brought on behalf of all defendants.

364 F.3d 260, 264 (5th Cir. 2004).  HSS's Mandatory Arbitration Policy is a binding contract because once the Policy was instituted in 2006, incorporated into HSS's handbook in 2009, and distributed in 2010, it became a condition of Nabors' employment. Nabors continued to work after receiving notice of the Mandatory Binding Arbitration Policy - she accepted the mandatory binding arbitration as a condition of her employment.  (See Exhibit A; A-2 – Healthy Work Environment Brochure; A-3 – HSS's Employee Handbook.); s*ee, e.g., Marino v. Dillard's*, 413 F.3d 530, 532 (5th Cir. 2005) (continued employment can be a valid form of consent to an employer's mandatory arbitration policy).

Where, as here, an arbitration agreement puts an employee on notice that his or her continued employment will constitute consent to an arbitration policy, Nabors' "conduct in continuing her employment [ ] evidenced her consent and bound her to arbitrate." *Lee v. Coca-Cola Enterprises, Inc.*, No. 07-1425, 2008 WL 920742 at *4 (W.D. La. March 4, 2008) (unpub.).$^{5}$  In order to prove Nabors is bound by the arbitration policy, HSS need only prove Nabors was put on notice that her continued employment bound her to arbitrate. *Id.*  Here, Nabors was put on notice by way of HSS's handbook and again in the Spring of 2010, when it was distributed.  The Policy states that her continued employment bound her to arbitration. (Exhibit A-1.)  Therefore, Plaintiff is bound to resolve this dispute through arbitration, as she has already chosen to do, rather than the courts.

Even if Nabors was not bound to arbitrate by her continued employment with HSS, she entered into a valid mandatory arbitration contract by requesting and availing herself of the arbitration process described therein. (See Exhibit A-6.)$^{6}$  In other words, Plaintiff accepted the

---

$^{5}$   Copy of Opinion is attached as Exhibit E.
$^{6}$   Under Louisiana law, it is not necessary for acceptance of an arbitration agreement to be written.  Although the arbitration agreement itself must be in writing under both the FAA and Louisiana state arbitration law, the agreement itself need <u>not</u> be signed by the parties. *See Marino v. Dillard's*, 413 F.3d at 532 (emphasis added).

8

Mandatory Binding Arbitration Policy by consenting to – and in this case, in fact, requesting - arbitration. Indeed, the existence of consent to contracts is governed by Louisiana Civil Code art. 1927, which states:

> A contract is formed by the consent of the parties established through offer and acceptance.
> Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent.
>
> Unless otherwise specified in the offer, there need not be conformity between the manner in which the offer is made and the manner in which the acceptance is made.

La. Civ. Code Ann. art. 1927.

In accordance with article 1927, Louisiana courts have held that arbitration agreements can be deemed valid based upon "the actions and the conduct of the party or parties." *In re Succession of Taravella*, No. 98-834 (La. App. 5 Cir. 4/27/99), 734 So.2d 149, 151. Conduct indicative of consent includes a party's decision to avail himself of the benefits of the contract. Further, it is a well-settled principle of Louisiana contract law that "[a party] cannot retain all the benefits flowing from his contract . . . and repudiate the disadvantages. He must either ratify or reject the matter in toto." *Galiano v. Galiano*, 34 So.2d 881, 883 (La. 1948); *see also Baker v. Union Tank Car Co.*, 140 So.2d 397, 403 (La. App. 1 Cir. 1962) (where plaintiff availed himself of the rights and benefits of a trade union contract, he was not permitted to disavow his obligations). Here, Nabors bound herself by the terms to the Mandatory Binding Arbitration policy when she invoked arbitration of her claims on October 22, 2010, and continued the arbitration process. (Exhibit A-6.) Simply because Plaintiff disagrees with the arbitrator's rulings concerning the validity of several of her claims does not permit her to repudiate the arbitration she herself invoked.

HSS's Policy is a valid contract under Louisiana law and provides, "…both the employee and … employer agree to give up any right either of them might have to a jury or judge trial regarding any issue governed by the Mandatory Binding Arbitration Policy…" (Exhibit A-1.) In exchange for relinquishing their rights to all other means of dispute resolution, the parties receive the benefits of the arbitration process, which is shorter and less costly than litigation. Plaintiff has already almost fully enjoyed the benefit of pursuing dispute resolution through arbitration; she may not "voluntarily accept the benefits flowing from a contract" only to "set up the illegality of the contract on account of some informality in its confection" when HSS seeks to enforce the contract. *Central Surety & Ins. Corp v. Canulette Shipbuilding Co.*, 195 So. 114, 116 (App. 1st Cir. 1940).  Nabors and HSS have bound themselves, through the written arbitration agreement and their conduct, to resolve the instant dispute through arbitration, and thus, Nabors should be compelled to complete the process.

### ii. All of Plaintiff's Claims Fall Within the Scope of the Arbitration Agreement

Plaintiff alleges she was harassed and retaliated against on the basis of her race and wrongfully terminated from employment. She also alleges the individually named defendants defamed her.  These claims clearly fall within the scope of HSS' Mandatory Arbitration Policy:

> **PROCEDURE**:… Subject to the general requirement the claim must give rise to a legal cause of action that could be heard in court, the following claims **must** be submitted to arbitration:
>
> - claims relating to involuntary terminations such as layoffs and discharges, demotions negatively affecting pay, and suspensions without pay
> - employment discrimination and harassment claims, based on …race…
> - retaliation claims as recognized by applicable state or federal law…
> - tort claims, such as negligence, defamation, invasion of privacy, infliction of emotional distress, etc.
> - claims of termination in violation of public policy

10

(Exhibit A-1.) (emphasis added.)

As the Policy specifically provides for the arbitration of claims of harassment, retaliation, wrongful termination and defamation, Plaintiff's claims fall directly within the scope of the Policy and are therefore arbitrable.

### iii. No Federal Statute or Policy Renders Plaintiff's Claims Non-Arbitrable

Once it is established the parties have agreed to arbitrate the dispute, the court must then ask whether there exists "any federal statute or policy renders the claims nonarbitrable." *Sherer v. Green Tree Servicing LLC,* 548 F.3d at 381. The Supreme Court has explained that the only "legal constraints external" to the arbitration agreement of significance are those evidencing "a contrary congressional command." *Shearson/American Exp., Inc. v. McMahon,* 482 U.S. at 226. The party seeking to avoid arbitration bears a heavy burden of demonstrating that Congress intended to preclude the availability of arbitration. *See Walton v. Rose Mobile Homes LLC*, 298 F.3d 470, 473 (5th Cir. 2002). Courts consider three factors in determining whether Congress intended to preclude application of the FAA to a particular statutory right: (1) the statute's text; (2) its legislative history; and (3) whether there is "an inherent conflict between arbitration and the statute's underlying purposes." *Id.* at 473-74.

There is nothing within Title VII, 42 U.S.C. § 1981 or Louisiana law, that precludes arbitration of Plaintiff's claims. To be sure, the Fifth Circuit has held such claims arising out of a plaintiff's employment are arbitrable. *See Rojas v. TK Communications, Inc*., 87 F.3d 745, 747 (5th Cir. 1996); *see also*, *Alford v. Dean Witter Reynolds, Inc*., 939 F.2d 229, 230 (5th Cir.1991)("we have little trouble concluding that Title VII claims can be subjected to compulsory arbitration"). In addition, HSS's Policy is not substantively or procedurally unconscionable such as to create a conflict between arbitrating Plaintiff's claims and Title VII.

11

HSS's Policy binds both HSS and Plaintiff to arbitrate claims with HSS being required to pay the costs, expenses, and fees associated with the arbitration proceeding. *See Carter v. Countrywide Credit Industries, Inc.*, 362 F.3d 294, 300 (5th Cir. 2004). Thus, there are no issues that would foreclose arbitration of Plaintiff's claims.

### iv.   Dismissal of Plaintiff's Case is Appropriate under the FAA

Although Section 3 of the FAA requires a court to stay its proceedings on claims that are subject to arbitration, "if all the issues raised before the district court are arbitrable, dismissal of the case is <u>not</u> inappropriate." *See* 9 U.S.C. § 3 ; *FedMet Corp. v. M/V Buyalyk*, 194 F.3d at 678;[7] *Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 311, n. 9 (5th Cir. 2003); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d at 1164 ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration). In this instance, "all issues raised in this action are arbitrable and must be submitted to arbitration [as they all arise out of Nabors' employment], retaining jurisdiction and staying the action will serve no purpose." *FedMet,* 194 F.3d at 678 (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d at 1164; *see also*, *Rent–A–Center, Inc. v. Barker*, No. 05–02191, R. Doc. No. 25 (W.D.La. 2006)(motion to dismiss granted and action dismissed when claims were subject to mandatory binding arbitration). All of Plaintiff's claims are arbitrable under HSS's Policy. Dismissal of her case is appropriate.

---

[7] "Although we understand that plaintiff's motion to compel arbitration must be granted, we do not believe the proper course is to stay the action pending arbitration. Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose. Any post-arbitration remedies sought by the parties will not entail renewed considerations and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law." *FedMet*, 194 F.3d at 678; s*ee also* 9 U.S.C. §§ 9-12.

### v. Dismissal of Plaintiff's Case is Appropriate under Rule 12(b)(1)

The court should dismiss a case under Rule 12(b)(1) for lack of subject matter jurisdiction if it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as that for a Rule 12(b)(6) motion. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Thus, the court cannot dismiss the complaint unless it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitle him to relief. *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955 (2007). In deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005).

In the Fifth Circuit, it is well-settled that subject matter jurisdiction determinations, unlike summary judgment decisions, may be made using any one of the following bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Thus, in examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Ramming*, 281 F.3d at 161, citing *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981). The plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Ramming*, 281 F.3d at 161, citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980); *Randall D. Wolcott, M.D., P.A. v. Sebelius,* 635 F.3d 757, 762 (5th Cir. 2011).

As explained above, all of the claims asserted by Plaintiff in her Petition against Defendants are covered by HSS's Mandatory Binding Arbitration Policy and are arbitrable. Thus, there is no relief available to Plaintiff in this forum and the only appropriate action is to dismiss her case in its entirety.

## V. CONCLUSION

For the reasons stated above, Defendants, HSS Systems, LLC, Shelly Lee, Kathleen O'Sullivan, James Miller and Harriet Palombo, respectfully request the Court dismiss the instant lawsuit and order this matter referred to binding arbitration in accordance with the provisions of HSS's Mandatory Binding Arbitration Policy. Defendants also respectfully request the Court grant any other relief, legal or equitable, to which they may be entitled.

Respectfully submitted:

/s/ Leslie W. Ehret_____

Leslie Ehret (La. Bar # 18494)
Peter E. Sperling (La. Bar. # 17812)
Suzanne M. Risey (La. Bar # 25488)
FRILOT L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8000
Facsimile: (504) 599-8100
lehret@frilot.com
psperling@frilot.com
srisey@frilot.com

Counsel for Defendants,
HSS Systems, LLC., Shelly Lee, Kathleen
O'Sullivan, James Miller and Harriet Palombo

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 28th day of October, 2011, she electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ Leslie W. Ehret