**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **KRYSTAL NABORS** | * | **CIVIL ACTION No.: 11-01869** |
|     **Plaintiff** | * | |
| | * | |
| **VERSUS** | * | |
| | * | **Judge Rebecca F. Doherty** |
| | * | |
| **HCA d/b/a HOUSTON SHARED** | * | **Magistrate Judge C. Michael Hill** |
| **SERVICES, SHELLY LEE,** | * | |
| **KATHLEEN O'SULLIVAN, JAMES** | * | |
| **MILLER, and HARRIET PALOMBO** | * | |
|     **Defendants.** | * | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS AND COMPEL ARBITRATION**

## I.   INTRODUCTION

Defendants, HSS Systems, LLC, Shelly Lee, Kathleen O'Sullivan, James Miller and Harriet Palombo (collectively, "Defendants"), submit this Reply brief in support of their Motion to Dismiss and Compel Arbitration, filed October 28, 2011. (Rec. Doc. 4.) For the reasons set forth below, and those set forth in Defendants' Memorandum in Support previously filed with this Court, Defendants' motion should be granted. Plaintiff's claims should be dismissed and Plaintiff should be compelled to arbitrate her claims in accordance with HSS's binding arbitration agreement.

### A.   PLAINTIFF'S OPPOSITION IS UNTIMELY

Defendants filed their Motion to Dismiss/Compel Arbitration on October 28, 2011. (Rec. Doc. 4.) Thereafter, on October 31, 2011, the Court issued a Notice of Motion Setting scheduling Defendants' motion for hearing January 27, 2012. (Rec. Doc. 6.) On October 31, 2011, Defendants filed a Motion to Expedite Hearing on their motion. (Rec. Doc. 7.) On

November 1, 2011, the Court held a telephone conference to discuss Defendants' pending motion and their request for expedited hearing. In the Court's order denying Defendants' Motion to Expedite the Court stated: "There will be no extensions of time granted in connection with plaintiff's responsive pleading." (Rec. Doc. 8.) The Court ordered Defendants' motion to be handled "in the normal course of procedures." (Id.) Thus, pursuant to this Court's Notice of Motion Setting and local rules, Plaintiff's opposition brief was due within 21 days after service of the motion – no later than November 18, 2011. Plaintiff did not seek an extension to the court-ordered deadline but instead simply filed an untimely opposition on Sunday, November 20, 2011 at 7:46 p.m. - more than two days after the filing deadline. As Plaintiff's opposition is untimely and in clear violation of this Court's Order, it should be stricken and Defendants' motion should be deemed unopposed.

### B. PLAINTIFF'S "REQUEST" FOR REMAND SHOULD BE DENIED

In the very last paragraph of her Opposition, Plaintiff asks this Court to remand her suit back to the "16th" Judicial District court."[1] On October 21, 2011, Defendants timely removed this action on the basis federal question jurisdiction. Under the well-pleaded complaint rule, "federal question jurisdiction exists only when a federal question is presented on the face of plaintiffs properly pleaded complaint." *Hoskins v. Bekins Van Lines,* 343 F .3d 769, 772 (5th Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). In her state court Petition for Damages, Plaintiff alleges she was subjected to retaliation and harassment, and wrongfully terminated, in violation of **Title VII of the Civil Rights Act of 1964**, as amended **42 U.S.C. § 2000 et. seq**. and **42 U.S.C. § 1981**. (See Rec. Doc. 1-2 ¶ 33.) (emphasis added.) She also seeks damages, including punitive damages under **42 U.S.C. § 1981**, as well as attorney's

---

[1] For clarification, Plaintiff's original state court action was pending in the 15th Judcial District Court, not the 16th Judicial District.

2

fees, litigation expenses, back pay, front pay, reinstatement and compensatory damages under "Louisiana and **Federal**" law. (Id. at ¶ 39.)(emphasis added.) Lastly, she seeks reinstatement under Louisiana law, **Title VII** and **42 U.S.C. § 1981**. (Id. at p. 17.) (emphasis added.) It is indisputable, from the face of her Petition for Damages Plaintiff's claims are brought under federal law and; therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff has offered no evidence or no argument otherwise showing this Court lacks jurisdiction; her "request" for remand should be denied.

### C. PLAINTIFF'S CLAIMS ARE ARBITRABLE PURSUANT TO A VALID BINDING ARBITRATION AGREEMENT

#### i. HSS's Arbitration Agreement is Enforceable

Plaintiff argues the arbitration agreement contained in HSS's Employee Handbook is unenforceable because HSS's reservation of rights to change its Handbook renders the arbitration policy illusory and unconscionable. She also claims the Employee Handbook is not an employment contract. Plaintiff's arguments are in direct contravention with controlling decisions from this Circuit and Louisiana appellate courts. As noted in HSS's Motion to Dismiss and Compel Arbitration, an employee can consent to an employer's mandatory arbitration policy merely by remaining employed after the policy is instituted. *See, e.g., Marino v. Dillard's,* 413 F.3d 530, 532 (5th Cir. 2005). Moreover, HSS's reservation of the right to change its Handbook does not render the arbitration policy illusory.

Plaintiff contends that because HSS's handbook is not a contract, and because HSS has reserved the right to change the policies at will, the arbitration policy is not binding. In support of her position, Plaintiff cites state cases from Texas and federal cases from Ohio and Maine and the 6th and 10th Circuits which suggest that when one party reserves the right to alter a contract without further negotiation, the contract is illusory and invalid. *See J.M. Davidson Inc. v.*

3

*Webster,* 128 S.W. 3d 223 (Tex. 2003); *In Re: C&H News Co.,* 133 S.W. 3d 642 (Tex. App. Corpus Christi 2003); *Dumais v. Am. Golf Corp.,* 299 F.3d 1216, 1219 (10th Cir. 2002); *Floss v. Ryan's Family Steak Houses Inc.,* 211 F.3d 306, 315-16 (6th Cir. 2000); *Snow v. BE&K Constr. Co.,* 126 F.Supp.2d 5, 14-15 (D. Me. 2001); *Trumbull v. Century Marketing Corp.,* 12 F.Supp.2d 683, 686 (N.D. Oh. 1998). Plaintiff's reliance on these cases is misplaced.

The Fifth Circuit, analyzing a case under Louisiana and federal law, reached the very opposite conclusion. In *Iberia Credit Bureau, Inc. v. Cingular Wireless, LLC*, a case cited by Plaintiff, the plaintiffs sued Cingular Wireless alleging the arbitration agreements in their cellular telephone contracts were unenforceable because, *inter alia*, Cingular reserved the right to change the arbitration agreement at will. 379 F.3d 169, 173-174 (5th Cir. 2004). The Fifth Circuit concluded that as long as both parties are bound to arbitrate all claims, "the change-in-terms provisions . . . do not render the contracts' obligations illusory." *Id.* In upholding the validity of the arbitration agreements, the Court further explained that when the party receiving a service is given notice of a change of terms, the notice "can be understood as an invitation to enter into a relationship governed by the new terms. The customer then accepts the new terms by continuing to use the service." *Id.*

The principle that continued use of a service constitutes consent has since been applied to arbitration contracts in the employment context, such as the one at issue. In *Lee v. Coca-Cola Enterprises, Inc.*, a court in this district found where an employer's arbitration policy gives notice that continued employment constitutes consent to be bound to arbitrate, "the employee's conduct in continuing her employment [ ] evidenced her consent and bound her to arbitrate." No. 07-1425, 2008 WL 920742 * 84 (W.D. La. March 4, 2008) (unpub) (copy of opinion

4

attached as Exhibit A) (continued employment can constitute consent to an employer's mandatory arbitration policy even if employee does not acknowledge policy in writing).

Further, the Fifth Circuit has also held that an employer's reserved right to alter the terms of an employment arbitration agreement does not render the agreement illusory.[2] *See, e.g., Armstrong v. Associates Intern. Holdings Corp.,* 242 Fed.App'x. 955, 958 (5th Cir. 2007) (unpub.) (copy of opinion attached as Exhibit B) (a reserved right to alter terms of an arbitration agreement does not render agreement illusory if employee receives notice before change in terms takes effect). Nabors' arguments are not valid under this Court's precedent and her effort to invalidate HSS's arbitration policy should be denied.

### ii. Plaintiff invoked arbitration

Plaintiff's opposition conveniently ignores the fact that she invoked arbitration of her claims. As HSS noted in its Motion to Dismiss and Compel Arbitration, Plaintiff's decision to avail herself of the arbitration process bound her to the terms of the Arbitration Agreement. Louisiana courts have consistently held that arbitration agreements can be validated by the "actions and the conduct of the parties." *In Re: Succession of Taravella*, No. 98-834 (La. App. 5 Cir. 4/27/99), 734 So.2d 149, 151. Here, Nabors invoked her right to arbitrate her claims pursuant to HSS's policy and has, therefore, taken advantage of the benefits of the contract. Having accepted "the benefits flowing from [her] contract," it is a basic tenet of Louisiana contract law that Nabors cannot now "repudiate the disadvantages." *Galiano v. Galiano*, 34 So.2d 881, 883 (La. 1948).

HSS's mandatory arbitration agreement is enforceable. Arbitration of Plaintiff's claims is already underway as a result of Plaintiff's request to arbitrate her claims. Plaintiff does not

---

[2] Although *Armstrong* was decided under Texas law, it is consistent with the Fifth Circuit's holding in *Iberia Credit Bureau, Inc. v. Cingular Wireless, LLC., supra.*

dispute that her claims fall within the scope of the arbitration agreement.[3] Accordingly, HSS's arbitration agreement should be enforced and Plaintiff's claims dismissed.

### iii. **Plaintiff's claim concerning her representation status is unfounded**

Finally, Plaintiff's claim she was "unrepresented" and had "no role" in the selection of the arbitrator is completely unfounded. On October 22, 2010, Plaintiff requested arbitration of her claims. (See Rec. Doc. 4-2 at p. 97.) Thereafter, on November 18, 2010, HSS paid the $1000 filing fee for arbitration of Plaintiff's claims. On November 24, 2010, the AAA sent a letter to the parties advising the filing requirements had been met, explaining the arbitration process and enclosing resumes from five potential arbitrators. On December 27, 2010, the AAA held a conference call to select an arbitrator. Plaintiff actively participated in this conference and exercised two strikes which eliminated two arbitrators from the selection process. After both parties exercised two strikes, Arbitrator Rice remained. Thereafter, Arbitrator Rice was confirmed by the AAA and appointed arbitrator on or about January 4, 2011.[4] On February 2, 2011, the AAA confirmed a hearing date during June 2011, and asked the parties to submit a mutually agreement location by May 20, 2011. Shortly thereafter, on March 15, 2011, Gloria Angus enrolled as attorney for Plaintiff. (Exhibit C.) She remained Plaintiff's counsel throughout

---

[3] Plaintiff's claims are for harassment, retaliation, wrongful termination and defamation, all of which are specifically covered under HSS's Mandatory Arbitration Policy. (See Rec. Doc. 4-2 at p. 6) (the policy specifically identifies "claims relating to involuntary terminations," "employment discrimination and harassment claims, based on …race…," "retaliation claims," and "tort claims, such as …defamation…"). Plaintiff has never disputed her claims fall within the purview of HSS's arbitration policy.

[4] AAA Rule 19 provides: Any party may be represented by counsel or other authorized representatives. For parties without representation, the AAA will, upon request, provide reference to institutions which might offer assistance. A party who intends to be represented shall notify the other party and the AAA of the name and address of the representative at least 10 days prior to the date set for the hearing or conference at which that person is first to appear. If a representative files a Demand or an Answer, the obligation to give notice of representative status is deemed satisfied.

At no time during the selection process, or any time prior thereto, did Plaintiff seek assistance from the AAA to arrange for representation, despite having received notice of the AAA Rules.

the arbitration proceedings, representing her at all stages. Plaintiff's claim that she was unrepresented and/or that she played no role in selecting Arbitrator Rice is simply untrue.

For the reasons stated above, and for those set forth in their Memorandum in Support, Defendants, HSS Systems, LLC, Shelly Lee, Kathleen O'Sullivan, James Miller and Harriet Palombo, respectfully request the Court dismiss Plaintiff's lawsuit in its entirety and order this matter referred to binding arbitration in accordance with the provisions of HSS's Mandatory Binding Arbitration Policy. Defendants also respectfully request the Court grant any other relief, legal or equitable, to which they may be entitled.

Respectfully submitted:

/s/ Leslie W. Ehret
Leslie Ehret (La. Bar # 18494)
Peter E. Sperling (La. Bar. # 17812)
Suzanne M. Risey (La. Bar # 25488)
FRILOT L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8000
Facsimile: (504) 599-8100
lehret@frilot.com
psperling@frilot.com
srisey@frilot.com
Counsel for Defendants,
HSS Systems, LLC., Shelly Lee, Kathleen
O'Sullivan, James Miller and Harriet Palombo

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 28th day of November, 2011, she electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ Leslie W. Ehret